VIGNERY & MASON L.L.C.
214 E. 10th; P.O. Box 767
Goodland, KS 67735
Telephone: 785-890-6588

IN THE DISTRICT COURT OF CHEYENNE COUNTY, KANSAS
FILED PURSUANT TO CHAPTER 60 OF THE
KANSAS STATUTES ANNOTATED

DWIGHT FAYLOR,                          )
                Plaintiff,    )
v.                                      )        Case No. 09-CV-22
                                        )
ST. FRANCIS MERCANTILE                  )
EQUITY EXCHANGE,                        )
                Defendant.    )
                                        )

PETITION

COMES NOW, the plaintiff, by and through his attorney, Jeffery A. Mason, of Vignery & Mason L.L.C., Goodland, Kansas, and for his cause of action alleges and states as follows:

1. The plaintiff is an individual residing in Cheyenne County, Kansas, whose address is 2925 N. State Highway 27, St. Francis, KS 67756.

2. The defendant, St. Francis Mercantile Equity Exchange, is a cooperative, whose address is 123 N. River St., St. Francis, Cheyenne County, KS 67756 and is a Kansas corporation whose resident agent is the St. Francis Mercantile Equity Exchange, 123 N. River Street, P.O. Box 545, St. Francis, Cheyenne County, KS 67756, and can be served there.

3. That the plaintiff was born January 3, 1955, and is presently 54 years old.

4. The plaintiff was an employee of the defendant. On September 12, 2007, the plaintiff was working with an irrigation tire, prying it with a pry bar. The tire came loose and the plaintiff hurt his back. The plaintiff filed a Worker's Compensation Claim



FILED
SEP 22 2009
11:30 am
STATE OF KANSAS
CHEYENNE COUNTY DISTRICT COURT

5153

against the defendant for the injury. As part of this medical treatment, the plaintiff was required to remain off work. He had surgery on his back in January of 2008. On January 31, 2008, the defendant sent the plaintiff a letter terminating his employment.

5. On May 13, 2008, the plaintiff was released to return to work, with restrictions. However, since the defendant had already terminated the plaintiff's employment, the plaintiff was unable to obtain accommodated employment, even though requesting to be allowed to return to accommodated employment.

6. In addition, the defendant hired younger individuals to perform the same duties which could have been performed by the plaintiff. The defendant also hired additional employees to perform work, which would have been accommodated work for the plaintiff, had the defendant allowed the plaintiff to perform accommodated work.

7. On August 19, 2009, the Division of Worker's Compensation rendered its decision in favor of the plaintiff on his Worker's Compensation claim.

8. The plaintiff filed a claim with the Kansas Human Rights Commission for discrimination. The Kansas Human Rights Commission denied the claim of the plaintiff on March 4, 2009. On March 19, 2009, the plaintiff appealed the decision of the Kansas Human Rights Commission to the U.S. Equal Employment Opportunity Commission. On June 24, 2009, the U.S. Equal Employment Opportunity Commission affirmed the findings of the State of Kansas, Human Rights Commission.

FILED
SEP 2 2 2009
11:30 am
STATE OF KANSAS
CHEYENNE COUNTY DISTRICT COURT

5153

## COUNT I

9. The plaintiff asserts all allegations set forth in paragraphs 1 through 8 above, as if fully set forth herein.

10. The plaintiff asserts that the defendant wrongfully discharged the plaintiff from his employment for exercising his statutory right to claim Worker's Compensation benefits.

WHEREFORE, the plaintiff requests damages in an amount in excess of $75,000.00, for costs of this action, and for such other and further relief as to this court seems just and equitable in the premises.

## COUNT II

11. The plaintiff reasserts the allegations of paragraphs 1 through 10 above, as if fully set forth herein.

12. The plaintiff asserts that the defendant wrongfully discharged the plaintiff, and hired younger individuals to replace him and hiring younger individuals to perform the work which the plaintiff could have performed if accommodated, in violation of the Kansas Age Discrimination and Employment Act, K.S.A. 44-1101, et seq.

WHEREFORE, the plaintiff prays for judgment against the defendant, St. Francis Mercantile Equity Exchange, in an amount in excess of $75,000.00, for costs of this action, and for such other and further relief as to the court seems just and equitable in the premises.

## COUNT III

13. The plaintiff reasserts the allegations set forth in paragraphs 1 through 12 as if fully set forth herein.

FILED
SEP 2 2 2009
11:30 am
STATE OF KANSAS
CHEYENNE COUNTY DISTRICT COURT

14. The defendant wrongfully terminated the plaintiff in violation of the Kansas Act Against Discrimination, K.S.A. 44-1001, et seq., because of his disability.

WHEREFORE, the plaintiff requests judgment against the defendant, St. Francis Mercantile Equity Exchange, in an amount in excess of $75,000.00, for costs of this action, and for such other and further relief as to the court may seem just and lawful in the premises.

### COUNT IV

15. The plaintiff reasserts all of the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

16. The defendant violated the Americans with Disabilities Act by failing to offer accommodated work to the plaintiff and by discharging the plaintiff from employment with accomodation.

WHEREFORE, the plaintiff requests judgment against the defendant, St. Francis Mercantile Equity Exchange, in an amount in excess of $75,000.00, for costs of this action, and for such other and further relief as to the court may seem just and lawful in the premises.

VIGNERY & MASON L.L.C.

By _____
Jeffery A. Mason #11665
214 E. 10th, P.O. Box 767
Goodland, Kansas 67735
Attorney for Plaintiff

FILED
SEP 2 2 2009
11:30 am
STATE OF KANSAS
CHEYENNE COUNTY DISTRICT COURT

*Return*

Form K194B – Chap. 60 Summons

# DISTRICT COURT OF ___CHEYENNE___ COUNTY, KANSAS

For Court use only

P.O. Box 646, St. Francis KS 67756
Address and Location of Court

DWIGHT FAYLOR

Plaintiff/Petitioner

vs.

ST. FRANCIS MERCANTILE EQUITY EXCHANGE

123 N. River St., St. Francis  KS  67756
Defendant/Respondent and address for service of process

Div. _____, No. 09-CV-22

## SUMMONS

Proceedings under Chap. 60 of K.S.A.

✓ file your answer within 20 days after service of summons. (service in Kansas)
___ file your answer within 30 days after service of summons. (out of state service)

TO: St. Francis Mercantile Equity Exchange

You must answer to the petition within the time specified above.

YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition which is herewith served upon you and serve a copy of your answer upon plaintiff's/petitioner's attorney:

Jeffery A. Mason #11665, P.O. Box 767, Goodland KS  67735 ___ within the time specified above.
plaintiff's/petitioner's attorney's name and address

If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. Your answer must state as a counterclaim any related claim which you may have against the plaintiff/petitioner, or you will thereafter be barred from making such claim in any other action.

Dated  09-22-09

☑ Personal or residence service requested. Do not use return receipt service. Use return below.

_Mary V Rath_
Clerk of the District Court/Deputy

This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

**RETURN** (personal service)   I certify under oath / penalty of perjury under the laws of Kansas that I served this summons and petition and attachments on Sharon Barnhart · St Francis Equity (give name)

☑ by delivering a copy to said defendant/respondent personally.
☐ by leaving a copy at said defendant's/respondent's usual place of residence with _____, a person of suitable age and discretion residing therein.
☐ by delivering a copy to the legally appointed or authorized agent of defendant/respondent: _____.
☐ by leaving a copy at defendant's/respondent's usual place of residence, and on _____ mailing notice of such service to defendant/respondent by first class mail.

9-22-09    Courthouse
Date Served — Place of Service

_Carol Tomblin, Dep_
Process Server — Law Officer

**OUT OF STATE CLERK'S CERTIFICATE** (personal service outside Kansas only)

Subscribed and sworn to before me on _____, by the above law officer, who I certify under penalty of perjury under the laws of Kansas was at the date of such service and now is _____, of _____ County and State of _____, and is authorized to serve process in civil actions within said state and is an officer of the _____ Court of which I am the clerk in said County and State.

(Court Seal)

FILED
Clerk of said Court
SEP 22 2009  2:38 PM
Original for Court - Copy to defendant
STATE OF KANSAS
CHEYENNE COUNTY DISTRICT COURT

Copyright 2000, NDF Co. Electronic Forms Service, Box 725, Newton, KS 67114
Reorder Ph. 316-283-3628, FAX 316-283-3635

5/55